IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **LOWELL QUINCY GREEN** | § | |
| | § | |
| V. | § | W-15-CA-366-RP |
| | § | |
| **WILLIAM STEPHENS** | § | |

### ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's memorandum in support (Document 2); Petitioner's Amended Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 24); Petitioner's supplemental memorandum (Document 20); Petitioner's Motion for Summary Judgment (Document 25); Respondent's Motion to Dismiss as Time-Barred (Document 22); and Petitioner's response thereto (Document 26). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the Court finds that Petitioner's application for writ of habeas corpus should be dismissed as time-barred.

### I. BACKGROUND

**A.  Procedural History**

According to Respondent, the Director has lawful custody of Petitioner pursuant to three judgments and sentences out of the 54th Judicial District Court of McLennan County, Texas in cause numbers 2012-709-C2, 2012-790-C2, and 2012-791-C2. In the instant federal application for habeas corpus relief Petitioner challenges cause number 2012-790-C2. In that cause, he was indicted for the first degree felony offense of aggravated robbery. He stipulated to the evidence against him,

judicially confessed, and pleaded guilty to the offense. On September 16, 2013, the trial court assessed punishment at 25 years' imprisonment in accordance with the plea agreement.

Petitioner did not file a direct appeal. He did, however, challenge his conviction in a state application for habeas corpus relief. He filed his application on January 6, 2015. The Texas Court of Criminal Appeals denied it without written order based on the findings of the trial court without a hearing on April 1, 2015. *Ex parte Green*, Appl. No. 82,981-03.

**B.**     **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The trial court erred by announcing an unauthorized verdict and sentence.

2. He received ineffective assistance of counsel when his attorney failed to object to the unauthorized verdict.

3. Texas Code of Criminal Procedure Art. 42.12 section 3(g)(a)(2) and Texas Government Code section 508.145(d)(1) were incorrectly applied to him.

4. Because there was no affirmative deadly weapon finding, the judgment does not support his indictment and conviction for aggravated robbery.

## II. DISCUSSION

Petitioner's application is barred by the one-year statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on October 16, 2013, at the conclusion of time during which he could have appealed his conviction. *See* TEX. R. APP. P. 26.2(a). Therefore, Petitioner had until October 16, 2014, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until September 15, 2015, after the limitations period had expired.

Petitioner's state application did not operate to toll the limitations period, because it was also filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Petitioner may be contending the untimeliness of his application should be excused, because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court recently held a prisoner filing a first-time federal habeas petition could overcome the one-year statute

of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). In this case, Petitioner has made no valid attempt to show he was actually innocent of the crime to which he previously pleaded guilty.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he could not have discovered the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  CONCLUSION

Petitioner's application is dismissed with prejudice as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Respondent's Motion to Dismiss [#22], filed on February 22, 2016, is **GRANTED**.

It is further **ORDERED** that Petitioner's original and amended applications for writ of habeas corpus [#1, 24] are **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that Petitioner's Motion for Summary Judgment [#25], filed on March 8, 2016, is **DISMISSED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on April 1, 2016.

*[signature]*

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE